Dear Mr. Babin:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the Parish President in regard to the application of the Open Meetings Law when the Council meet as a committee or a sub-committee. You indicate the Ascension Parish Council is the governing authority for the parish, and has certain working committees that are comprised of certain council members, but a majority of the entire council does not engage in any one of these committee meetings. These committees meet from time to time to discuss various issues, and then report back to the full council in an open public meeting. These working committees, being composed of less than a quorum of the Council, do not provide any of the notifications required in the Open Meetings Laws.
The Parish President is asking whether such committee meetings, although composed of less than a quorum of the council, constitute any violations of the Louisiana Open Meetings Law when notifications required by the Open Meetings Law are not provided.
This office has consistently concluded that such committee meetings that are not actions of the full authority but discuss pertinent matters for recommendations to be presented at public meetings are required to have notice pursuant to the Open Meetings Law.
In Atty. Gen. Op. 83-728 this office noted that a public body and its committees or subcommittees are subject to the provisions of the Open Meetings Law. Thereafter in Atty. Gen. Op. 83-728A this office specifically responded to the inquiry whether a committee consisting of four members, where the governing body consists of nine members, would constitute a quorum so as to require notice and public meeting. It was again stated that a public body and its committees or subcommittees are subject to the Open Meetings Law when the initial deliberation of public policy which is to be recommended by the Commission is transacted upon at the committee or subcommittee level. This office opined as follows:
 Committee meetings which are not the actions of the full parish council, but nevertheless discuss pertinent matters to which are presented at public meetings are required to hold notice pursuant to the Open Meetings Law (R.S. 42:2 et seq.). In other words, where a committee of a public body is composed of fewer members than the body itself, a quorum consists of a majority of the members of the committee.
In Atty. Gen. Op. 84-395 this office noted that a "public body" includes any committee or subcommittee of a city governing authority, and the fact that a committee cannot make a final decision on a matter does not remove meetings of that committee from the ambit of the open meeting requirements. It was found, "In conclusion, a working committee of a municipality constitutes a public body when it meets to discuss matters over which it has authority or advisory power, even if the committee takes no binding action."
Similarly, in Atty. Gen. Op. 89-481 this office noted that R.S.42:4.2 defined "public body" as including any state, parish, municipal or specials district, boards, commissions or authorities and "any committee or subcommittee of any of these bodies enumerated in this paragraph." It further found that the Open Meetings Law should be liberally construed and "if the committee does advise the Board in any way, the committee's meetings should comply with the open meeting law." It was particularly noted since the deliberations would constitute an element of the formulation of public policy, the intent of the Open Meetings Law could be frustrated if the committee meetings are closed to the public, and the committee should meet in public so that interested citizens can have the benefit of deliberations and decisions which could have a profound effect on the public policy.
This office recognized in Atty. Gen. Op. 90-300 the Open Meetings Law does not apply to a discussion group that makes no suggestions or gives any advice, but when convened to receive information over a matter that they have supervision, it is subject to the Open Meetings Law. It was found to apply to any committee or subcommittee so long as they possess policy making, advisory or administrative functions.
Therefore, we would conclude a committee or subcommittee, who deliberate so as to advise the governing authority, is subject to being open to the public when a majority of the members of the committee are present so as to constitute a quorum to conduct the committee's business.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr